*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0874**

Andrew Joseph Sauter, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed December 28, 2015
Affirmed
Kirk, Judge**

Carver County District Court
File No. 10-CV-14-1260

Adam W. Klotz, Minneapolis, Minnesota; and Richard L. Swanson, Chaska, Minnesota (for appellant)

Lori Swanson, Attorney General, Edwin W. Stockmeyer, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Kirk, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

The commissioner of public safety revoked appellant's driver's license after he was arrested for driving while impaired and a urine test showed that his alcohol concentration exceeded 0.08. Appellant sought judicial review of the commissioner's revocation. The

district court denied his petition to rescind the revocation, finding that appellant voluntarily consented to chemical testing. We affirm.

## FACTS

On October 5, 2014, at approximately 2:30 a.m., a Chaska Police Department sergeant observed a vehicle traveling without its headlights illuminated and initiated a traffic stop. The driver, appellant Andrew Joseph Sauter, showed signs of impairment. After administering field sobriety tests, the sergeant arrested appellant for driving while impaired.

At the Carver County jail, the sergeant read appellant the implied-consent advisory. Appellant stated that he understood the advisory and indicated that he did not wish to consult with an attorney. The sergeant requested that appellant submit to a breath test. Appellant agreed and provided samples of his breath, but the breath-testing device repeatedly malfunctioned. The sergeant then re-read the portion of the implied-consent advisory pertaining to testing and requested that appellant submit to a urine test. Appellant agreed and provided a sample of his urine, which revealed an alcohol concentration of 0.102.

The commissioner of public safety revoked appellant's driver's license pursuant to Minn. Stat. § 169A.52, subd. 4 (2014). Appellant petitioned the district court to rescind the revocation. After a hearing the district court found that, "Based on the totality of the circumstances presented in this case, in consideration of *Brooks*, [appellant] voluntarily consented to provide a urine sample." Accordingly, it sustained the revocation of appellant's license. This appeal follows.

2

**D E C I S I O N**

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. U.S. Const. amend. IV; *see also* Minn. Const. art. I, § 10. A test of a person's urine constitutes a search for purposes of the Fourth Amendment. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1413 (1989). A warrantless search is reasonable only if an exception to the warrant requirement applies. *Missouri v. McNeely*, 133 S. Ct. 1552, 1558 (2013); *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013).

Consent of the subject of the search is an exception to the warrant requirement. *Brooks*, 838 N.W.2d at 568. In an implied-consent case, the commissioner of public safety bears the burden of proving by a preponderance of the evidence that a driver consented to chemical testing. *See Johnson v. Comm'r of Pub. Safety*, 392 N.W.2d 359, 362 (Minn. App. 1986). This court applies a clear-error standard of review to a district court's finding that a person consented to a search. *See State v. Diede*, 795 N.W.2d 836, 846 (Minn. 2011). "We hold findings of fact as clearly erroneous only when we are left with a definite and firm conviction that a mistake has been committed." *Jasper v. Comm'r of Pub. Safety*, 642 N.W.2d 435, 440 (Minn. 2002) (quotation omitted).

A person's consent to a search is valid if the consent is freely and voluntarily given. *State v. George*, 557 N.W.2d 575, 579 (Minn. 1997). Whether consent is voluntary is determined by examining the totality of the circumstances. *State v. Harris*, 590 N.W.2d 90, 102 (Minn. 1999). The relevant circumstances include "'the nature of the encounter, the kind of person the [subject] is, and what was said and how it was said.'" *Brooks*, 838

3

N.W.2d at 569 (quoting *State v. Dezso*, 512 N.W.2d 877, 880 (Minn. 1994)). The nature of the encounter includes how the police came to suspect the driver was under the influence, whether police read the driver the implied-consent advisory, and whether the driver had an opportunity to consult with an attorney. *Id.*

In *Brooks*, the supreme court identified three primary reasons why the driver's consent was voluntary and not coerced. First, the driver was read the implied-consent advisory, which "made clear to him that he had a choice of whether to submit to testing." *Id.* at 572. "While an individual does not necessarily need to know he or she has a right to refuse a search for consent to be voluntary, the fact that someone submits to the search after being told that he or she can say no to the search supports a finding of voluntariness." *Id.* Second, the driver had "the ability to consult with counsel." *Id.* Third, the driver "was neither confronted with repeated police questioning nor was he asked to consent after having spent days in custody." *Id.* at 571. The supreme court reasoned that "nothing in the record suggests that the driver was coerced in the sense that his will had been overborne and his capacity for self-determination critically impaired." *Id.* (quotation omitted).

Appellant argues that the district court erred by finding that he provided valid consent to the urine test. We disagree. The totality of the circumstances indicates that appellant's consent to chemical testing was voluntary. Like the driver in *Brooks*, appellant was read the implied-consent advisory and given the opportunity to consult with counsel. *See id.* at 572. Also as in *Brooks*, appellant was not confronted with repeated police questioning or asked to consent after days in custody. *Id.* at 571. There is nothing in the record indicating that appellant's "will [was] overborne" or "his capacity for self-

4

determination critically impaired." *See id.* (quotation omitted). These circumstances support the district court's conclusion that appellant voluntarily consented to the urine test.

Appellant also argues that a search warrant is required before law enforcement may lawfully request a urine sample from a suspected drunk driver, asserting that *State v. Bernard*, 859 N.W.2d 762 (Minn. 2015), is distinguishable in the case of a urine test. *Bernard* held that a warrantless breath test is constitutionally permissible as a search incident to arrest, and a person "does not have a fundamental right to refuse a constitutional search." *Id.* at 772-73. While it is true that the holding in *Bernard* was limited to breath tests, it is also limited to cases where the driver was charged with test refusal. *Id.* at 764-65, 768 n.6. Therefore, it is inapplicable here.

The district court properly denied appellant's petition to rescind the revocation of his driver's license.

**Affirmed.**